# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARIO FLORES, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:18-cv-00290 |
| RUSSELL WASHBURN, | ) JUDGE CAMPBELL |
| Respondent. | ) |

## MEMORANDUM OPINION

Mario Flores, a state prisoner, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) At the same time, he filed a motion to hold the Petition in abeyance. (Doc. No. 3.) Respondent filed a motion to dismiss both the Petition and the request for an abeyance. (Doc. No. 10.) For the following reasons, Respondent's motion to dismiss (Doc. No. 10) will be granted, and this action will be dismissed without prejudice.

**I.     Background**

On October 6, 2015, a Williamson County jury convicted Petitioner of aggravated robbery, two counts of aggravated burglary, theft, conspiracy to commit aggravated robbery, possession of a firearm during the commission of a dangerous felony, and employment of a firearm during a dangerous felony. (Doc. No. 1 at 1, 16, 31–34.) On March 4, 2016, the Williamson County Circuit Court sentenced Petitioner to an effective sentence of 30 years' imprisonment. (*Id.* at 16.)

On April 1, 2016, Petitioner's trial counsel, Jonathan Turner, filed a Motion for New Trial in the Williamson County Circuit Court. (*Id.* at 12, 16–20.) In a letter to Turner, Petitioner requested that he amend the motion to include additional claims. (Doc. No. 1 at 25; Doc. No. 1-1 at 1.) In an August 3, 2017 letter to Petitioner, Turner stated he would not add Petitioner's

requested claims because they had "no legal merit," and informed Petitioner he would be moving to withdraw as counsel because of a "breakdown in communication." (Doc. No. 1 at 25.) On August 4, 2017, Petitioner's counsel filed a Motion to Withdraw. (*Id.* at 26–27.)

The trial court granted the Motion to Withdraw, and appointed attorney Elizabeth Russell to represent Petitioner. (Doc. No. 1-1 at 2.) According to Petitioner, Russell has not responded to Petitioner's letters requesting that she amend the Motion for New Trial to include additional claims. (*Id.*; Doc. No. 12 at 2; Doc. No. 13 at 1–2.) On December 14, 2017, Petitioner filed a pro se motion in the trial court to add claims to the Motion for New Trial, noting that his attorney failed to respond to "numerous letters" seeking to add these claims. (Doc No. 1 at 21–22.) In January 2018, Petitioner filed another pro se motion in the trial court to add a claim to the Motion for New Trial. (*Id.* at 23–24.) The Motion for New Trial is still pending at this time, and the trial court scheduled a hearing to consider it on December 7, 2018.[1] (Doc. No. 14-1 at 1.)

On March 6, 2018, Petitioner filed a pro se "Extraordinary Appeal" under Rule 10 of the Tennessee Rules of Appellate Procedure in the Tennessee Court of Criminal Appeals ("TCCA"). (Doc. No. 1-1 at 1–11.) In this appeal, Petitioner requested permission to raise certain claims in the Motion for New Trial, in addition to "whatever claims the attorney wishes to raise." (*Id.* at 5.)

On March 27, 2018, the TCCA denied Petitioner's Extraordinary Appeal because Rule 10 applies only to interlocutory orders, and Petitioner did not "refer to any trial court order which would give rise to an extraordinary appeal." (Doc. No. 11-2.) The TCCA also noted that, because Petitioner was represented by counsel in the trial court, he could not "initiate a pro se application for permission to appeal." (*Id.*) Finally, the TCCA advised Petitioner that the "proper manner" to

---

[1] It appears that the trial court hearing on the Motion for New Trial has been reset at least four times: from September 15, 2017, to January 10, 2018, to February 15, 2018, to August 24, 2018, to December 7, 2018. (Doc. No. 11-1 at 1; Doc. No. 14-1.)

2

pursue any meritorious complaints about his attorneys after the conclusion of the direct appeal process was to file a post-conviction petition. (*Id.*)

On March 15, 2018, while his pro se Extraordinary Appeal was pending in the Tennessee Court of Criminal Appeals, this Court received Petitioner's pro se habeas corpus Petition (Doc. No. 1), and his motion to hold the Petition in abeyance (Doc. No. 3). On May 31, 2018, Respondent filed a Motion to Dismiss Both Petitioner's Petition for Writ of Habeas Corpus and Motion to Hold in Abeyance (Doc. No. 10), and Petitioner filed a response (Doc No. 12). On September 18, 2018, Petitioner filed a Motion to Grant the Writ of Habeas Corpus (Doc. No. 13), and Respondent filed a response (Doc. No. 14).

## II.     Analysis

In its motion, Respondent argues that the Petition should be dismissed without prejudice for three reasons: first, because the Petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; second, because it does not state a cognizable claim; and third, because Petitioner has not exhausted his available state-court remedies. (Doc. No. 11 at 3.) Respondent contends the Court should dismiss this action without prejudice, rather than hold the Petition in abeyance, because Petitioner has not demonstrated "good cause for failing to present the claims in state court," and because Petitioner is "not at risk of having the statute of limitations expire." (*Id.* at 7–8.) For the following reasons, the Petition will be dismissed without prejudice for the third reason offered by Respondent—Petitioner's failure to exhaust state-court remedies. Accordingly, it is unnecessary for the Court to consider Respondent's first and second grounds for dismissal.

A state prisoner generally must exhaust all available state remedies to obtain relief through a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); *In re Bowen*, 436 F.3d 699, 701 (6th Cir.

2006) (citing *Rose v. Lundy*, 455 U.S. 09, 510 (1982)).  To satisfy this exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  In Tennessee, a petitioner will "be deemed to have exhausted all available state remedies for that claim" when the claim is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).  Petitioner "bears the burden of showing that state court remedies have been exhausted." *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Petitioner does not dispute that his Motion for New Trial is still pending before the Williamson County Circuit Court.  According to Petitioner, however, even if the trial court rules on the motion, it will not rule on all of his desired claims because his court-appointed attorneys refused to include them in the motion.  Thus, Petitioner contends that the trial court, his court-appointed attorneys, and the Tennessee Court of Criminal Appeals have denied him the opportunity to present and exhaust his desired claims.  (Doc. No. 12 at 2–3.)

A petitioner's failure to exhaust may be excused if "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  "'Inordinate delay in adjudicating state court claims' can do exactly that." *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017) (quoting *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992)).  "[A]ny inordinate delay," however, "must be wholly attributable to the state rather than to the individual." *Fuller v. Tennessee*, No. 3:09-0394, 2009 WL 2850695, at *4 (M.D. Tenn. Aug. 29, 2009) (citing *Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998) and *Deters v. Collins*, 985 F.2d 789, 796 (5th Cir. 1993)).

Here, although Petitioner's Motion for New Trial has been pending for over two-and-a-half years, it appears that the trial court has a hearing scheduled to consider the motion on December 7, 2018. Accordingly, the Court cannot conclude that Petitioner faces a complete "absence of available State corrective process." The delay in considering the Motion for New Trial, moreover, is not "wholly attributed to the state." According to a letter from Petitioner's first court-appointed attorney, Petitioner threatened to raise a claim against him for ineffective assistance of counsel if he did not add Petitioner's desired claims to the Motion for New Trial. (Doc. No. 1 at 25.) Shortly thereafter, on August 17, 2017, the trial court granted the attorney's Motion to Withdraw and continued the case, presumably to allow Petitioner's second court-appointed attorney time to familiarize herself with the case. Further, in December 2017 and January 2018, respectively, Petitioner filed two pro se motions to add claims to the Motion for New Trial. These pro se motions may have contributed to the delay as well.

Petitioner seemingly considers disagreements with his attorneys about claims to include in the new trial motion to be failures of his court-appointed counsel, and not himself. As the Sixth Circuit has held, "failures of court-appointed counsel and delays by the court are attributable to the state." *Turner v. Bagley*, 401 F.3d 718, 726 (6th Cir. 2005) (quoting *Coe v. Thurman*, 922 F.2d 528, 531–32 (9th Cir. 1990)). Unlike in cases where the Sixth Circuit excused the exhaustion requirement due to failures of the state, however, Petitioner's first court-appointed attorney already filed a substantive brief on the Motion for New Trial. (Doc. No. 1 at 16–20); *Cf. Turner*, 401 F.3d at 725–26 (attributing delay to the state where the state court of appeals "allow[ed] four different attorneys to withdraw from the case without filing briefs" and the petitioner's direct appeal was pending "for nearly eleven years without meaningful attention"); *Workman*, 957 F.2d at 1344 (attributing delay to the state where a petitioner's state post-conviction petition was pending "more

5

than three years," with the only explanation being "turnover of judges and dispersement of caseloads").

Petitioner insists that he is not attempting to raise a claim for ineffective assistance of counsel against his court-appointed attorneys at this time, because his only complaint at this stage is with their refusal to allow him to add claims to the Motion for New Trial. (Doc. No. 12 at 1–3.) This, nonetheless, is a challenge to his representation. And in denying Petitioner's pro se "Extraordinary Appeal" earlier this year, the Tennessee Court of Criminal Appeals advised Petitioner that that the "proper manner" to pursue any meritorious challenges to his attorneys' representation after the conclusion of the direct appeal process was to file a post-conviction petition. (Doc. No. 11-2.)

As to Petitioner's request to hold the Petition in abeyance, "a stay is only appropriate when 'there was good cause for the petitioner's failure to exhaust his claims first in state court.'" *Ortiz v. Wolfe*, 466 F. App'x 465, 467 (6th Cir. 2012) (quoting *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). As stated above, the Court concludes that the trial court's delay in resolving the Motion for New Trial is at least partially attributable to Petitioner. Accordingly, the Court concludes that Petitioner has not demonstrated "good cause" for his failure to exhaust. The appropriate course of action in this case, therefore, is to dismiss this action without prejudice. Petitioner may file another habeas corpus petition under 28 U.S.C. § 2254 after exhausting his state-court remedies.

### III. Conclusion

The Court acknowledges Petitioner's frustration over waiting more than two-and-a-half years for the trial court to resolve his Motion for New Trial. Nonetheless, for the reasons stated above, Petitioner has not carried his burden of demonstrating that he has exhausted his available state-court remedies. Accordingly, Respondent's motion to dismiss (Doc. No. 10) will be granted,

Petitioner's motion to hold the Petition in abeyance (Doc. No. 3) will be denied, and Petitioner's Motion to Grant the Writ of Habeas Corpus (Doc. No. 13) will be denied as moot. This action will be dismissed without prejudice to Petitioner's ability to refile under 28 U.S.C. § 2254.

Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if Petitioner "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court concludes that jurists of reason could not disagree with the Court's procedural ruling in this case, and will therefore deny a certificate of appealability.

The Court will enter an appropriate Order.

                                                                                                       _____
                                                          WILLIAM L. CAMPBELL, JR.
                                                          UNITED STATES DISTRICT JUDGE